**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x

DOUGLAS MARCOUX,                                                :
                                                                              :
             Plaintiff,                                        :
                                                                              :
        -against-                                        :        18-CV-1641 (OTW)
                                                                              :
COMMISSIONER OF SOCIAL SECURITY,                    :
                                                                              :        **OPINION & ORDER**
            Defendant.                                      :
                                                                              :
                                                                              :

------------------------------------------------------------x

        **ONA T. WANG, United States Magistrate Judge:**

## I.      Introduction

        Plaintiff Douglas Marcoux brought this action seeking judicial review of a final decision

of the Commissioner of Social Security ("Commissioner") denying him disability insurance

benefits ("DIB"). On August 15, 2019, the Court granted Plaintiff's motion for judgment on the

pleadings, remanding the case to the Commissioner pursuant to 42 U.S.C. § 405(g). (ECF 42).

Plaintiff now seeks an award of attorney's fees under the Equal Access to Justice Act ("EAJA").

(ECF 46). For the reasons stated below, Plaintiff's Motion is **GRANTED IN PART**, and Plaintiff

shall be awarded $6,627.60.[1]

## II.      Facts and Procedural History

        On August 15, 2019, this Court issued an Opinion and Order granting Plaintiff's motion

for judgment on the pleadings and denied the Commission's motion for judgment on the

---

[1] Twenty percent of past-due benefits, or $33,138 x .20 =$6,627.20.

pleadings. (ECF 42). Judgment was entered the following day. (ECF 43). In the Opinion and

Order, the Court found that Administrative Law Judge ("ALJ") Kieran McCormack failed to give

appropriate weight to the opinion of Plaintiff's treating physician, Dr. Lin. (ECF 42).

Plaintiff filed his motion for attorney's fees pursuant to the EAJA on November 14, 2019.

(ECF 46). The Commissioner filed an opposition on November 27, 2019. (ECF 49). Plaintiff filed

his reply on December 4, 2019. (ECF 50).

**III.**        **Legal Standard**

The EAJA provides in pertinent part that:

Except as otherwise specifically provided by statute, a court shall award to
a prevailing party other than the United States fees and other expenses in
addition to any costs awarded pursuant to subsection (a),incurred by that
party in any civil action (other than cases sounding in tort), including
proceedings for judicial review of agency action, brought by or against the
United States in any court having jurisdiction of that action, unless the
court finds that the position of the United States was substantially justified
or that special circumstances make an award unjust.

28 US.C. § 2412(d)(1)(a).

Thus, the EAJA statue has four conditions that must be met for a plaintiff to receive fees:

(1) that the claimant be a "prevailing party"; (2) that the Government's position
was not "substantially justified"; (3) that no "special circumstances make an
award unjust"; and, (4) pursuant to 28 U.S.C. § 2412(d)(1)(B), that any fee
application be submitted to the court within 30 days of final judgment in the
action and be supported by an itemized statement.

*Comm'r, INS v. Jean*, 496 U.S. 154, 158 (1990); *see also Gomez-Belano v. Holder*, 644

F.3d 139, 144 (2d Cir. 2011).

If plaintiffs are entitled to attorney's fees under the EAJA, the scope of the award must

be determined. The EAJA provides that the fees awarded

> "shall be based upon prevailing market rates for the kind and quality of the services furnished, except that (i) no expert witness shall be compensated at a rate in excess of the highest rate of compensation for expert witnesses paid by the United States; and (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."

28 US.C. § 2412(d)(2)(A).

## IV.    Application

### 1. Prevailing Party

"[S]tatus as a prevailing party is conferred whenever there is a 'court ordered

chang[e][in] the legal relationship between [the plaintiff] and the defendant' or a 'material

alteration of the legal relationship of the parties.'" *Vacchio v. Ashcroft*, 404 F.3d 664, 674 (2d

Cir. 2005) (citing *Preservation Coalition of Erie County v. Federal Transit Admin.*, 356 F.3d 444,

452 (2d Cir. 2004)). A litigant who has received a remand is a prevailing party. *See McKay v.

Barnhart*, 327 F. Supp. 2d 263, 266-67 (S.D.N.Y. 2004) (finding that plaintiff whose social

security case was remanded was the prevailing party) (citing *Shalala v. Schaefer*, 509 U.S. 292

(1993)). The Commissioner does not challenge that Plaintiff is the prevailing party. Because

Plaintiff obtained remand, he is the prevailing party. (ECF 54 at 1).

### 2. Substantial Justification

The Commissioner "bears the burden of showing that [their] position was 'substantially

justified,' which the Supreme Court has construed to mean 'justified to a degree that could

satisfy a reasonable person.'" *Ericksson v. Comm'r of Soc. Sec.*, 557 F.3d 79, 81 (2d Cir. 2009)

3

(citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).  To satisfy this burden the Commissioner

must show they were "substantially justified" in their position or that "special circumstances

make an award unjust," and that their "action was justified to a degree that could satisfy a

reasonable person," thus showing substantial justification in "law and fact." *See Healey v.*

*Leavitt*, 485 F.3d 63, 67 (2d Cir. 2007). The Second Circuit has stated that the Government's

prelitigation conduct and litigation position must both be substantially justified. *See id*. "Being

substantially justified is indeed a *higher standard* than having a reasonable position." *Rocchio v.*

*Comm'r of Soc. Sec.*, 08-CV-3796 (JPO), 2012 WL 3205056, at *2 (S.D.N.Y. Aug.7, 2012) (quoting

*Pierce*, 487 U.S. at 566 n.2 ("[O]ur analysis does not convert the statutory term 'substantially

justified' into 'reasonably justified'")).

The Commissioner does not argue that they met their burden of showing substantial

justification in their past position or that special circumstances would make an award unjust.

However, the Commissioner asserts that the time Plaintiff expended, 58.5 hours, is excessive

and unreasonable for a Social Security matter. (ECF 49 at 1).

3. **Reasonable Attorney's Fees**

The Commissioner argues that under the EAJA Plaintiff's requested fees should be

reduced to fall between twenty and forty hours, the range that district courts within this circuit

have consistently found to be reasonable for a Social Security disability case. (ECF 49 at 1).

a. **Rate of Fees**

Under the EAJA, a court shall award attorney's fees and other expenses to a prevailing

party at a rate not in excess of $125 per hour, "unless the court determines that an increase in

the cost of living or a special factor, such as the limited availability of qualified attorneys for the

proceedings involved, justifies a higher fee." 28 US.C. § 2412(d)(2)(A). EAJA fees are determined

by examining the amount of time expended on the litigation and the attorney's hourly rate,

which is capped by statute. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); 28 U.S.C. §

2412(d)(1)(A).

This Court has determined that a reasonable amount of time to spend on routine Social

Security cases should be between twenty to forty hours. *See Borus v. Astrue*, 09-CV-4723 (PAC)

(RLE), 2012 WL 4479006, at *3 (S.D.N.Y. Sept. 28, 2012). When deciding the number of hours

that are reasonable, the court should exclude hours that were not "reasonably expended" from

the initial fee. *Hensley v. Eckerhart*, 461 U.S. 424, 434. Counsel for the prevailing party should

make a "good faith effort to exclude from a fee request hours that are excessive, redundant, or

otherwise unnecessary." *Id.* In awarding "reasonable attorney's fees," a district court has broad

discretion to determine the appropriate number of attorney hours reasonably expended in

pursuing a claim. *Aston v. Secretary of Health and Human Services*, 808 F.2d 9, 11 (2d Cir.1986).

The Second Circuit has stated that courts have "discretion simply to deduct a reasonable

percentage of the number of hours claimed as a practical means of trimming fat from a fee

application." *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998) (internal citations and

quotations omitted).

Here, Plaintiff has alleged 62.5 hours expended on this case, including four hours for

drafting and editing of the EAJA fees motion. (ECF 53 at Ex. 2). The Court agrees with the

Commissioner's consideration that Plaintiff's time spent working on the EAJA fees motion is

excessive and unreasonable, and the correct evaluation of Plaintiff's time expended on this

matter should begin at a baseline of 58.5 hours. Plaintiff alleges that this amount of time is

reasonable because counsel was unfamiliar with the records and lacked expertise in disability matters. (ECF 50 at 3). However, when determining whether an attorney's fee is reasonable, the standard requires courts to consider if the case presented "novel[]" questions or a particularly "complex legal issue." *See Hensley*, 461 U.S. at 430, n.3 (listing novelty and difficulty of the questions presented as one of the factors considered in evaluating whether the amount of attorney's fees requested is reasonable). Plaintiff does not present any serious arguments for their contention that lacking experience with the case's subject matter or being unfamiliar with the records is a reason to award additional hours in a standard social security matter. The Court accordingly reduces Plaintiff's requested 58.5 hours by forty percent, and finds that a reasonable number of hours expended on this case is 35.1 hours.[2]

The Social Security Administration withheld $8,284.50,[3] which was twenty-five percent of Plaintiff's past due benefits. (ECF 54 at 1). For the judgment to not result in a windfall, attorney's fee must not exceed twenty-percent of past-due benefits. *See Wells v. Sullivan*, 907 F.2d 367, 370 (2d Cir. 1990). The Court asserts that twenty percent of past-due benefits is reasonable in this case, resulting in a total of $6,627.60.[4]

### 4. Award is Payable to Plaintiff

Courts in this district generally award EAJA fees directly to the claimant, with the expectation the claimant will then abide by her obligations to compensate her lawyer. *See Finch v. Saul*, 17-CV-892 (OTW), 2020 WL 1940308, at * 7 (S.D.N.Y. Apr. 22, 2020); *see Hogan v. Astrue*, 539 F.Supp. 2d 680, 683-84 (W.D.N.Y. Mar. 26, 2008) (noting "[D]istrict courts in this

---

[2] Forty percent of 58.5 hours, 58.5 x .4 = 23.4 (58.5 – 23.4 = 35.1).
[3] Twenty-five percent of past-due benefits, $33,138 x .25 = $8,284.50.
[4] Twenty percent of past-due benefits, $33,138 x .20 = $6,627.20.

circuit which have had the occasion to examine the issue, however, have generally concluded that attorney's fees awarded under the EAJA are awarded against the federal government and paid directly to claimant [who] may then use any fees . . . awarded pursuant to EAJA to pay his counsel"). The Court finds that the EAJA award in this case is directly payable to Plaintiff.

V.        **Conclusion**

For the reasons stated above, Plaintiff's motion for attorney's fees is **GRANTED**. Plaintiff is awarded **$6,627.60** in attorney's fees.

The Clerk of Court is respectfully directed to close ECF Nos. 46 and 51.

**SO ORDERED.**

_s/ Ona T. Wang_

Dated: April 24, 2023                          **Ona T. Wang**
New York, New York                        United States Magistrate Judge