**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
DOUGLAS MARCOUX,                              :
                                              :
          Plaintiff,                        :
                                              :
          -against-                        :    18-CV-1641 (OTW)
                                              :
COMMISSIONER OF SOCIAL SECURITY,              :
                                              :    **OPINION & ORDER**
          Defendant.                        :
                                              :
                                              :
------------------------------------------------------------x

**ONA T. WANG, United States Magistrate Judge:**

The background and procedural history of this matter is substantially set forth in ECF 58, for which Plaintiff Douglas Marcoux ("Plaintiff") sought and obtained attorney's fees under the Equal Access to Justice Act (EAJA). After the Court remanded this case to the Commissioner (ECF 42) and Plaintiff was awarded past-due benefits, the Social Security Administration (SSA) advised Plaintiff on October 4, 2020, that it had withheld $8.284.50 from his past-due benefits, 25% of his past-due benefits, to pay a possible attorney's fees request. (ECF 53-4). On October 16, Plaintiff's counsel filed the present Motion for Attorney's Fees under 42 U.S.C. § 406(b). (ECF 51). For the reasons that follow, Plaintiff's Motion is **GRANTED**.

I.    **DISCUSSION**

Section 406(b) of the Social Security Act provides:

Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-

1

due benefits to which the claimant is entitled by reason of such judgment, and
the Commissioner of Social Security may, notwithstanding the provisions
of section 405(i) of this title, but subject to subsection (d) of this section, certify
the amount of such fee for payment to such attorney out of, and not in addition
to, the amount of such past-due benefits. In case of any such judgment, no other
fee may be payable or certified for payment for such representation
except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A).

Section 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002); *accord Wells v. Sullivan*, 907 F.2d 367, 370 (2d Cir. 1990). Instead, it "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. The Court's reasonableness analysis looks at three factors: (1) whether the requested fees exceed the 25% limit, (2) whether the contingent fee agreement was reached through "fraud or overreaching," and (3) whether the requested fees would represent a "windfall"[1] to counsel. *Wells*, 907 F.2d at 372; *see, e.g.*, *Annabi v. Comm'r of Soc. Sec.*, 16-CV-9057 (BCM), 2020 WL 1819783, at *1 (S.D.N.Y. Apr. 9, 2020).

Here, the Fee Agreement between counsel and Mr. Marcoux provides that attorney's fees will be the greater of (i) 25% of any past-due benefits, or (ii) such amount as may be obtained pursuant to the EAJA. Counsel's request of $8,284.50 is not greater than 25% of Plaintiff's past due benefits. Additionally, Plaintiff's counsel's work expended on this matter is reasonable and comparable to hourly work and rates approved by other courts within this

---

[1] Windfall is defined as an unanticipated benefit, usually in the form of a profit and not caused by the recipient. Bryan A. Garner, *Black's Law Dictionary*, 1594 (1999).

District. The Court further finds that an award of attorney's fees under § 406(b)(1)(A) will not result in a windfall to Plaintiff – counsel's efforts resulted in Plaintiff being awarded past-due benefits, and Plaintiff's counsel's billing entries reflect appropriate time allotted to each legal task. Lastly, the Court notes that Plaintiff's Motion was timely made.[2]

The Court additionally notes that the parties have represented that should the Court grant Plaintiff's Motion for Attorney's Fees under the EAJA and also grant the present motion, counsel will refund to Plaintiff the lesser of the §406(b) award and the fee awarded pursuant to the EAJA. (ECF 52 at 4; ECF 54 at 3). *See Gisbrecht*, 535 U.S. at 794 (noting that fee awards may be made under both § 406(b) and the EAJA, but the plaintiff's attorney must refund to plaintiff the amount of the smaller fee).

II. **CONCLUSION**

For the foregoing reasons, Plaintiff's motion is **GRANTED**. The SSA is directed to approve a payment of **$8,284.50** to Daniel A. Osborn of Osborn Law, P.C. Upon receipt of payment, Plaintiff's counsel shall promptly refund $6,627.60, the lesser EAJA award previously granted by the Court, to Plaintiff. The Clerk of Court is respectfully directed to close ECF 51.

**SO ORDERED.**

Dated: May 19, 2023
New York, New York

_s/ Ona T. Wang_
**Ona T. Wang**
United States Magistrate Judge

---

[2] The Second Circuit has held that the 14-day filing period for attorney's fees provided in Fed. R. Civ. P. 54(d)(2)(B) is applicable to § 406(b) petitions. *Sinkler v. Comm'r of Soc. Sec.*, 932 F.3d 83, 89 (2d Cir. 2019). Here, Plaintiff's counsel filed the October 16, 2020 Section 406(b) Motion twelve days after the October 4, 2020 Notice of Change of Benefits Letter (ECF 53-4), making Plaintiff's Motion timely.